# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EARL BOND,

    Petitioner,                                         Case No. 07-12711

v.                                                  Honorable John Corbett O'Meara

C. EICHENLAUB,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

The petitioner, Earl Bond, a federal prisoner, who at the time of filing this petition for writ of habeas corpus was a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro per* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner was paroled on September 14, 2007, after serving concurrent sentences for (1) conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846, and (2) participating in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848. Because the petitioner is challenging his criminal convictions and sentences, the Court finds that he has improperly brought this action under 28 U.S.C. § 2241. The Court, therefore, will deny the petition for writ of habeas corpus.

I.

The petitioner alleges that he was convicted in violation of the double jeopardy clause in violation of his rights under the Fifth Amendment to the United States Constitution's double jeopardy clause; the petitioner was convicted of (1) conspiracy to distribute marijuana and

cocaine and (2) participating in a continuing criminal enterprise. The petitioner's convictions were affirmed on appeal *United States v. Bond*, 847 F.2d 1233 (7th Cir. 1988). The petitioner subsequently filed two motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Bond v. United States*, 1 F.3d 631 (7th Cir. 1993) (remanding for further proceedings based on the petitioner's ineffective assistance of counsel claim related to suppression motion); *see also Bond v. United States*, 77. F.3d 1009 (7th Cir. 1996) (affirming denial of the petitioner's § 2255 motion). Thereafter, the petitioner filed the present petition for writ of habeas corpus on June 27, 2007.

Although the petitioner does not set forth any legal argument, his double jeopardy claim relies on the United States Supreme Court ruling in *Rutledge v. United States*, 517 U.S. 292, 300 (1996), "that conspiracy as defines in § 846 does not define a different offense from the CCE offense defines in § 848." As such, it is "a lesser included offense of [21 U.S.C. ] § 848." *Id.* The *Rutledge* Court concluded that one of the convictions had to be vacated because the district court imposed a special assessment on each of the convictions and a second conviction holds the potential for adverse collateral consequences. *Id.* at 302-303.

II.

The petitioner instituted this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal inmate's claim that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255

2

is inadequate or ineffective to test the legality of the petitioner's detention. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Claims that seek to challenge the execution or manner in which the sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Id.* Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. In *Charles*, the Court stated:

> pursuant to the 'savings clause' in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.' Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate . . . . It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

*Id.* at 756 (Citations omitted).

The prisoner in *Charles* filed an unsuccessful motion under 28 U.S.C. § 2255 and subsequently filed a § 2241 petition raising the same claims asserted in the motion to vacate. The district court dismissed the habeas petition and the prisoner appealed. In affirming the district court's judgment, the Sixth Circuit held that "[s]imply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective . . . [t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 757-758.

Here, because the petitioner has not shown that his remedy under § 2255 is inadequate or ineffective, the petitioner is not entitled to habeas relief from his criminal convictions pursuant to

28 U.S.C. § 2241. Moreover, the Court cannot *sua sponte* construe his present petitioner for writ of habeas corpus as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Accordingly, the Court will deny the petition.

III.

The Court concludes that the petitioner is challenging the constitutionality of his federal criminal convictions and sentence in this habeas action, and he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. His petition must therefore be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (docket #1) is **DENIED**. This denial is without prejudice to the filing of an appropriate request to file a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: April 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 30, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager